# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JAVELEN LEE WOLFE, | : | |
| Petitioner, | : | Case No. 3:09CV0442 |
| vs. | : | District Judge Walter Herbert Rice<br>Magistrate Judge Sharon L. Ovington |
| WARDEN, Ross Correctional Institution, | : | |
| | : | |
| Respondent. | : | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

## I. INTRODUCTION

Javelen Lee Wolfe, an inmate in state custody at the Ross Correctional Institution, as a result of his murder conviction in 1994, brings a *pro se* Petition for Writ of Habeas Corpus 28 U.S.C. §2254.

Wolfe's Petition is before the Court for preliminary consideration as required by Rule 4 of the Rules Governing § 2254 Cases in the United States District Court. Rule 4 mandates dismissal of this case "[i]f it plainly appears" from Wolfe's Petition or attached Exhibits that he "is not entitled to relief in the district court...." Applying this lenient standard to Wolfe's Petition reveals that it plainly appears that Wolfe's Petition is time

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

barred. A District Court may dismiss a habeas petition *sua sponte* on limitations ground when conducting an initial review under Rule 4 of the rules governing § 2254 cases. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F. 3d 923.

## II. WOLFE'S STATE CONVICTIONS AND FEDERAL HABEAS PETITION

In January of 1994 Petitioner was convicted of Murder with a gun specification. (Doc. #1 at 1). Wolfe indicates that he was sentenced to a three years plus fifteen to life term of imprisonment. *Id*. He timely appealed and on March 25, 1995, the Second District Court of Appeals affirmed his conviction. (Doc. # 1 at 2). Petitioner did not appeal to the Ohio Supreme Court. (Doc. # 1 at 2). Although not listed in his Petition, it appears that Wolfe, in 1995, filed his first petition for post-conviction relief which was subsequently dismissed on his own motion. *See State v. Wolfe* 2009 WL 1813781(Ohio App. 2 Dist.). Thereafter he filed a second petition in 1999 which the trial court dismissed as untimely. *Id.* On August 28, 2008, Wolfe filed another petition for post-conviction relief which was also dismissed as untimely. On June 19, 2009, the Second District Court of Appeals affirmed the trial court's dismissal. *Id.*

## III. WOLFE'S PETITION IS TIME BARRED

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA")

applies to Wolfe's habeas Petition because he filed it on November 19, 2009, well after the AEDPA became effective.[2] *See Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).

The AEDPA contains a one-year statute of limitations. 28 U.S.C. §2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of-
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on direct review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner's conviction became final prior to the enactment of the AEDPA and he therefore had until April 24, 1997 in which to file his petition. *See Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999), *cert. denied*, 530 U.S. 1210, 120 S. Ct. 2211, 147 L. Ed. 2d 244 (2000).

---

[2] The AEDPA became effective on April 24, 1996. *See* Pub.L. No. 104-132, 110 Stat. 1214; *see also Barker*, 199 F.3d at 871.

In Wolfe's case, the only potential tolling events occurred in 1999, when he filed his second petition for post-conviction relief in the Montgomery County Court of Common Pleas which was dismissed as untimely. A third petition for post conviction filed on August 28, 2008 was also dismissed as untimely. These events did not toll or restart the AEDPA's statute of limitations. The United States Supreme Court has held that if the state court determines that a post conviction proceeding is not "properly filed" pursuant to the state's procedural rules, then that action cannot toll under 28 U.S.C. §2244(d)(2).*Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807,1812 (2005). Indeed, "'The tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.'" *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)(citation omitted). Because the AEDPA's one-year period had expired years before Wolfe filed his second and third petitions for post-conviction relief, there was no time left to toll, and the AEDPA's tolling provision does apply. *See id.*

      Perhaps realizing the statute of limitations problem, Wolfe contends:

> Concerning the issues I present in this habeas corpus the Supreme Court filed an entry on November 4, 2009 where it declined jurisdiction.
>
> The Petitioner did not have proper representation during his criminal process nor in the appellate courts and the Petitioner did not know that his rights were violated until 2008 when the courts ruled that an omitted element makes the indictment void, and even though that was about the elements of aggravated robbery, the Petitioner assumed that it must be a

> case for the Petitioner. So after researching this argument, the Petitioner
> found capitol murder cases that was ruled on after the petitioners conviction
> where the Principle Offender element came about and the Ohio Supreme
> Court ruled that the Principle Offender means the Actual Killer and the
> Petitioner was never indicted, charged, tried by jury on the Principle
> Offender element though charged with a capitol murder. In 2006 the Higher
> Courts recognized that not calling the Petitioner the Principle Offender is
> the functional equivalent of dispensing with the reasonable doubt
> requirement and it violated the petitioner's Eighth Amendment right of the
> Narrowing requirement, and the petitioner and even though the petitioner is
> within the one year requirement for this issue, the petitioner should be
> allowed to present the Constitutional violations just as if he was on death
> row, and if the trial attorney would have objected, the error would have
> been preserved. (Doc. # 1 at 14).

(Doc. #1 at 13). These contentions do not assist Wolfe in overcoming the AEDPA's one-year statute of limitations. First, Petitioner alleges that he did not have proper representation during the state court proceedings. That allegation does not address why Petitioner waited for thirteen years to bring his habeas petition. Next Petitioner contends that he did not know that his rights were violated until 2008 when the courts ruled that an omitted element makes the indictment void. Petitioner does not identify the date on which the constitutional right asserted was initially recognized by the United States Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on direct review and therefore §2244(d)(1)(C) does not apply.

Petitioner does refer to an opinion of the Ohio Supreme Court. Presumably, he is referring to the Ohio Supreme Court's decision in *State v. Colon*, 118 Ohio St. 3d 26, 2008 Ohio 1624, 885 N.E.2d 917 ("*Colon I*"), where the Ohio Supreme Court held that an

5

indictment for robbery in violation of R.C. 2911.02(A)(2) was defective because it failed to charge recklessness as the mens rea, which is an essential element of the crime. Subsequently, the Ohio Supreme Court issued *State v. Colon*, 119 Ohio St.3d 204, 2008 Ohio 3749, 893 N.E.2d 169 ("*Colon II*"), a reconsideration of its holding in *Colon I*. In *Colon II*, the Court limited the holding of *Colon I* to "rare cases, *** in which multiple errors at the trial follow the defective indictment." *Id*.

Petitioner appears to argue that under §2244(d)(1)(D) the factual predicate of the claim or claims presented could only have been discovered through the exercise of due diligence after the decision in *Colon I*. Yet, this contention lacks merit because although there is a possibility that a state court decision may qualify as a "factual predicate" under §2244(d)(1)(D), the state court decision must be a decision in the petitioner's own case. *See Johnson v. United States,* 544 U.S. 295, 125 S. Ct. 1571 (2005)(holding that a notice of order vacating a federal prisoner's prior state conviction used to enhance federal sentence triggers the one-year limitations period so long as the petitioner shows due diligence). However, when a state court clarifies state law in a case in which the petitioner was not a party, the state court decision does not trigger §2244(d)(1)(D). *Shannon v. Newland,* 410 F. 3d 1083, 1088 (9th Cir. 2005). Thus, even assuming that *Colon I* applies, it does not constitute a factual predicate of Petitioner's claims.

To the extent Wolfe is arguing that the AEDPA's statute of limitations is not jurisdictional, he is correct as a matter of law. *See Griffin v. Rogers*, 399 F.3d 626, 631 (6th Cir. 2005). But this does not assist him because the non-jurisdictional nature of the

statute of limitations only raises the possibility that equitable tolling might forgive his tardiness. *See id.* Equitable tolling, however, does not help Wolfe because he waited more than thirteen years to file his petition. This length of time negates the possibility that he was diligent in protecting his rights. *See Griffin*, 399 F.3d at 635 (diligence is one applicable factor). In addition, Wolfe's Petition does not identify a reason or circumstance for his lengthy delay and does not indicate that he lacked either actual or constructive knowledge of the AEDPA's limitation period. *See Vroman v. Brigano*, 346 F.3d 598, 604-05 (6th Cir. 2003).

Accordingly, it plainly appears from Walker's habeas Petition that his claims are barred by the AEDPA's one-year statute of limitations. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

### IT IS THEREFORE RECOMMENDED THAT:

1. Javelen Lee Wolfe's Petition for Writ of Habeas Corpus (Doc. #1) be DENIED and DISMISSED;

2. That Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability;

3. This case be terminated on the docket of this Court; and

4. Although the undersigned concludes that dismissal pursuant to Rule 4 is warranted, the Clerk of Court is directed to serve a copy of this Report and Recommendations by electronic or regular mail on the Attorney General of Ohio, c/o Assistant Attorney General Diane Mallory, Corrections Litigation, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215 so that the Respondent may respond to objections, if any, filed by Wolfe.

December 18, 2009

                                                              <u>s/Sharon L. Ovington</u>
                                                                 Sharon L. Ovington
                                                            United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).